[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION
The court grants the plaintiffs Motion for Articulation, CT Page 12730 dated August 17, 1999, and sets out its articulation as follows.
The plaintiff claims damages based on a loss of income because his earnings during the period from April 19, 1998 through February 5, 1999 were less than the pay he would have earned at Millis Transfer, Inc.
However, his affidavit as presented to the court indicates that his search for employment during the March 1, 1998 to July 31, 1998 period was for jobs paying approximately $320 per week or $16,640 per year. This was about the same as his earnings while employed by the defendant and not what he estimated his earnings would be at Millis Transfer, Inc.
Further, during the period of time, March 1, 1998 to July 31, 1998, the plaintiff was employed at two different jobs for short periods of time and then became unemployed again. No evidence was offered why his employment was so short at each of these jobs, nor why he made no attempt at employment at a pay comparable to that paid at Millis.
The court in reaching its decision as to the damages suffered by the plaintiff determined that he was entitled to damages for a reasonable period of time based upon a reasonable attempt to obtain comparable employment to that which he might have had with Millis Transfer, Inc. That period of time for a reasonable person actively searching for employment in the existing tight employment market is determined by the court to be approximately 12 months. The court determined that plaintiffs damages amounted to $20,000; i.e., including $2,260 listed in his affidavit for wrongful discharge.
The court notes that the plaintiffs figures in his affidavit are estimates and not hard and fast figures. The court has used these figures as a rough guide to the overall claim. The court, however, determined that the period of time that reasonably could be allocated to his damages is 12 months and that the loss resulting to the plaintiff should reflect a reasonable effort to mitigate damages through an attempt at employment in line with the employment he claims to have lost. His affidavit indicates that the employment sought by the plaintiff during the period for which he is claiming lost wages corresponds with his wage scale while in the defendant's employment. No attempts appear to have been made to obtain employment at or about the wage scale he claims as the basis for his damages. CT Page 12731
As to future damages, the court agrees with the plaintiff that his claim for future damages is too speculative for the court to consider; thus, the court denies this claim in toto.
KREMSKI, J.T.R.